UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIE CHARLES HALL, SR.,

        Plaintiff,

-vs-                                          Case No. 5:04-cv-65-Oc-10GRJ

M. NEAL, T-10, LEESBURG CITY POLICE
DEPT.,

        Defendants.
_____

## **O R D E R**

This action is before the Court on the Defendants' Motion to Dismiss Amended Complaint (Doc. 25), to which the *Pro Se* Plaintiff has responded (Doc. 26). The motion is ripe for review and the Court concludes that it is due to be granted in part and denied in part.

### **Background and Facts**

The facts, according to the Plaintiff's Amended Complaint (Doc. 24), are as follows. The Plaintiff alleges that on November 4, 2001, "Defendant M. Neal, T-10," while working as a police officer for the Leesburg Police Department, entered the home of the Plaintiff's family members without a warrant and without consent. While Defendant Neal was in the home, he forced his way through the front doorway and injured four of the Plaintiff's grandchildren by knocking them to the floor; unlawfully assaulted the Plaintiff resulting in injuries to his lower back, chest, and shoulder; threatened the lives of seventeen of the

Plaintiff's family members leaving each in fear for their lives and causing them to be falsely imprisoned; unlawfully, willfully, knowingly, intentionally, maliciously, and falsely charged the Plaintiff with "obstructing an officer without violence," falsely arrested him, falsified government documents against him, slandered his name, forced him to sign commitment papers for his arrest, and falsely imprisoned him without probable cause, all of which resulted in the Plaintiff's "5 years State of Florida Control Release to be violated without probable cause." The Plaintiff further alleges that on June 1, 2005, three Leesburg police officers "attempted to plant unlawful evidences [sic] under the front seat of Plaintiff possessed vehicle."[1]

With respect to Defendant Leesburg Police Department, the Plaintiff claims that its police chiefs failed to investigate the Plaintiff's complaint that the police had framed him, and tolerated the police officers' unlawful conduct, harassment, and falsification of evidence against the Plaintiff.

The Plaintiff claims that the Defendants' actions violated his civil rights guaranteed to him under the Constitution and seeks $3 million in damages. Specifically, the Plaintiff contends that the Defendants' actions violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution.

---

[1] It is unclear from the Plaintiff's Amended Complaint what civil right was allegedly violated when the police officers attempted to "plant" evidence in his vehicle. However, the Plaintiff concedes in his response to the Defendants' motion to dismiss that his lawsuit arises out of his arrest on November 4, 2001.

**Motion to Dismiss Standard**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[2] As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[3] Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead.[4]

**Discussion**

A liberal reading of the *Pro Se* Amended Complaint reveals that the Plaintiff seeks to state the following claims for civil rights violations under 42 U.S.C. § 1983: (1) unlawful search of the home of the Plaintiff's family member in violation of the Fourth Amendment; (2) injury of the Plaintiff's grandchildren in violation of the Eighth Amendment; (3) physical assault of the Plaintiff in violation of the Eighth Amendment; (4) false imprisonment of the Plaintiff's family members in violation of the Fourth, Eighth, and Fourteenth Amendments; and (5) false arrest, self-incrimination, slander, and false imprisonment of the Plaintiff in

---

[2] Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv. 400 F.2d 465, 471 (5th Cir. 1968).

[3] Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

[4] Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments. The Plaintiff also seeks to hold the Leesburg Police Department liable for its police officers' conduct.

*I. Claims Brought by the Plaintiff on Behalf of Family Members*

As a preliminary matter, any civil rights claims that the Plaintiff seeks to bring on behalf of his family members, including his grandchildren, are due to be dismissed. The Plaintiff lacks standing to bring a section 1983 action on behalf of his family members, and there are no allegations in his Amended Complaint which would suggest that this is a situation where it would be appropriate for the Plaintiff to represent his family members in these claims.[5] The Court will now turn to each of the Plaintiff's remaining claims.

*II. Physical Assault Claim*

The Plaintiff alleges that Defendant Neal physically assaulted him in violation of the Eighth Amendment. "To prevail on [the Plaintiff's] Eighth Amendment claim for damages brought under section 1983, [he] must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering, (2) the defendant's 'deliberate indifference' to that condition, and (3) causation."[6] Since the Plaintiff has not alleged that he was a prisoner at the time Defendant Neal allegedly assaulted him, the allegations in the

---

[5] See Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990) ("[A] section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else.").

[6] LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993).

Plaintiff's Amended Complaint are insufficient to state an Eighth Amendment claim under section 1983.

On the other hand, the allegations in the Plaintiff's Amended Complaint are sufficient to support a Fourth Amendment claim for excessive force under section 1983. The Supreme Court has held that all claims that law enforcement officers have used excessive force in the course of an arrest of a free citizen should be analyzed under the Fourth Amendment.[7] To determine whether Defendant Neal used excessive force against the Plaintiff, "the question is whether [the Defendant's] actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[8] It is inappropriate at this stage of the proceedings to determine if Defendant Neal's actions were "objectively reasonable," therefore the Defendants' motion to dismiss with respect to this claim is due to be denied.

*III. False Arrest and False Imprisonment Claims*

In Heck v. Humphrey, the Supreme Court held:

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that

---

[7]  Graham v. Connor, 490 U.S. 386, 395 (1989).

[8]  Id. at 397.

> relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.[9]

In this case, the Plaintiff seeks to recover damages because Defendant Neal "falsely arrested him . . . falsely imprison[ed] him without a probable cause. . . result[ing] into his 5 years State of Florida Control Release to be violated without a probable cause." The Plaintiff does not allege that the state conviction resulting from his false arrest and false imprisonment has been invalidated in any way, and for this Court to enter judgment for the Plaintiff with respect to these claims would necessarily imply the invalidity of a state criminal judgment against the Plaintiff. Thus, under Heck, the Plaintiff's false arrest and false imprisonment claims are not cognizable under section 1983.[10]

*IV. Self-Incrimination Claim*

The Plaintiff appears to claim that when Defendant Neal falsified government documents and forced him to sign commitment papers, the Plaintiff's Fifth Amendment rights were violated. In relevant part, the Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself . . ." For a violation of the Fifth Amendment right against self-incrimination to occur, a statement compelled by Defendant Neal must have been used against the Plaintiff at trial.[11] The are no allegations

---

[9] 512 U.S. 477, 486-487 (1994).

[10] See also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

[11] See Chavez. v. Martinez, 538 U.S. 760, 767 (2003).

in the Plaintiff's Amended Complaint which suggest that his statement was used against him during trial, accordingly, the Plaintiff's Fifth Amendment claim is due to be dismissed.[12]

*V. Slander Claim*

The Plaintiff alleges that Defendant Neal "falsely slander[ed] his name." This claim is not actionable under section 1983 since a claim for slander arises under state law and not the Constitution or federal law.[13]  Furthermore, the Plaintiff has failed to state a claim for slander under Florida law, where slander "may be defined as the unprivileged publication of false statements which naturally and proximately result in injury to another."[14] Accordingly, to the extent the Plaintiff seeks to claim that Defendant Neal "falsely slander[ed] his name," the Plaintiff's claim is due to be dismissed.

*VI. Liability of the Police Department for its Police Officers' Conduct*

"Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the

---

[12] It should also be noted that it is not clear from the face of the Plaintiff's Amended Complaint if the Plaintiff was even compelled to give a statement to the police since he only alleges that he was forced to sign commitment papers. See U.S. v. Sweeting, 933 F.2d 962, 965 (11th Cir. 1991) (holding that the Fifth Amendment is not violated when an officer requests routine information for booking purposes because the request is not an interrogation under Miranda).

[13] "The terms of s 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of *a right secured by the 'Constitution and laws' of the United States.* Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970) (emphasis added).

[14] Barry College v. Hull, 353 So.2d 575, 578 (Fla. 3d DCA 1978).

state in which the district court is held."[15]  In Florida, federal courts have held that city police departments are not "persons" subject to liability for violating section 1983.[16] Accordingly, the Plaintiff's claims against the Leesburg Police Department are dismissed.

## Conclusion

Upon due consideration and for the forgoing reasons, it is ordered that:

(1) the Defendants' Motion to Dismiss Amended Complaint (Doc. 25) is GRANTED IN PART AND DENIED IN PART.  Specifically, the motion is granted with respect to all of the Plaintiff's claims except for the Plaintiff's excessive force claim; and

(2) the Clerk is directed to withhold entry of judgment pending resolution of this case as a whole.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 23rd day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             *Pro Se* Plaintiff
             Maurya McSheehy

---

[15] Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations and quotations omitted).

[16] See, e.g., Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990).