UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIE CHARLES HALL, SR.,

            Plaintiff,

-vs-                                                  Case No.  5:04-cv-65-Oc-10GRJ

M. NEAL, T-10, LEESBURG CITY POLICE
DEPT.,

            Defendants.
_____

## O R D E R

This 42 U.S.C. § 1983 case concerning the alleged use of excessive force in violation of the Fourth Amendment to the United States Constitution is before the Court for consideration of Defendant M. Neal's Motion for Summary Judgment (Doc. 43), to which the pro se Plaintiff has responded (Doc. 46).  In addition, the Plaintiff has filed an untimely motion for summary judgment (Doc. 47), to which the Defendant has responded (Doc. 49) and concerning which the Plaintiff has filed an unauthorized reply (Doc. 50).

In his Amended Complaint (Doc. 24), the Plaintiff purported to state numerous causes of action against multiple defendants.  However, the Court granted in part Defendant Neal's motion to dismiss, disposing of all of the Plaintiff's claims except for his excessive force claim against Defendant Neal.  Upon review of the case file and all relevant papers, and for the reasons that follow, Defendant Neal's motion is due to be granted.  The application of force in this case was de minimis and, as such, does not support a claim for excessive force in violation of the Fourth Amendment.

**Background and Facts**

The pertinent facts in this case, taken primarily from the deposition of the Plaintiff and viewed in the light most favorable to the Plaintiff, are as follows. In the late afternoon of November 4, 2001, Defendant Neal, an officer of the Leesburg City Police Department, arrived in uniform in his marked police cruiser at the apartment building next door to the residence of the Plaintiff. Defendant Neal was responding to a report concerning the location of the Plaintiff's son, Willie Charles Hall, Jr. At that time, the Plaintiff's son had active warrants for his arrest for home invasion robbery, grand theft, and aggravated assault with a firearm.

When Defendant Neal arrived next door, the Plaintiff was in his driveway tending to some lawn maintenance equipment in a trailer. Shortly after Defendant Neal arrived, the Plaintiff went to the front door of his house to retrieve the keys to a riding lawn mower that he intended to remove from the trailer. At about this time, Defendant Neal - having been informed that the Plaintiff lived in the house next door - approached the Plaintiff's house with the intention of asking about the location of the Plaintiff's son. As Defendant Neal approached the Plaintiff's house, he observed through the window that the Plaintiff's son was inside the house. Defendant Neal then rushed to the front door of the Plaintiff's house, ordered the Plaintiff to "Get out of the way," and in the process of attempting to enter the house struck the Plaintiff - who was in the doorway - in the lower back with his left elbow.

As a result of being struck, the Plaintiff was knocked into the hedges surrounding his house and he re-aggravated a pre-existing back injury.

Upon entry into the house, Defendant Neal ordered the Plaintiff's son to "freeze." When the Plaintiff's son observed Defendant Neal, the Plaintiff's son threw down a telephone he was using and "took off" through the back door. Defendant Neal could not pursue the Plaintiff's son through the house because there were approximately seventeen people inside. Instead, Defendant Neal drew his sidearm and exited the house to make pursuit on foot. As Defendant Neal exited the house, he spun around without looking and struck the Plaintiff in the chest with his sidearm. Defendant Neal pursued the Plaintiff's son for several blocks, but did not apprehend him.

Defendant Neal then returned to the Plaintiff's home and placed the Plaintiff under arrest for obstructing an officer without violence in violation of Florida Statutes section 843.02. Defendant Neal contended that the Plaintiff told his son to run out the back door to avoid apprehension and used his body to block the pursuit of his son. When Defendant Neal effectuated the arrest of the Plaintiff, Defendant Neal pulled the Plaintiff's arms behind his back and towards his neck in a way that was painful prior to placing handcuffs on him.

Approximately one month after the incident, the Plaintiff complained of back pain and asked a guard for aspirin at the Marion County Jail, where the Plaintiff was confined for a violation of probation. That is the only medical attention the Plaintiff asserts that he sought with regard to the injuries he suffered as a result of being struck by Defendant Neal.

## Procedural History

3

On February 13, 2004, the Plaintiff filed his initial Complaint, which was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 16, 2005, the Plaintiff filed his Amended Complaint, in which he purported to state multiple causes of action, including excessive force, false imprisonment, defamation, and false arrest against Defendant Neal and the Leesburg City Police Department. On motion of Defendant Neal, the Court dismissed pursuant to Rule 12(b)(6) all claims in the Plaintiff's Amended Complaint except a claim based upon excessive force against Defendant Neal. While that claim purported to be filed pursuant to the Eighth Amendment, the Court found that the allegations in the Plaintiff's Amended Complaint were sufficient to support a Fourth Amendment claim for excessive force under § 1983. Defendant Neal then answered the Amended Complaint, advancing the defense of qualified immunity and asserting that the force used in the arrest of the Plaintiff was reasonable.

## Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in

Celotex Corp. v. Catrett,  477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact.  If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987).  The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.  While the pleadings of a pro se litigant are to be held to a less stringent standard than those drafted by an attorney, a pro se litigant must still meet minimal pleading standards.  See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Moreover, conclusory allegations and unwarranted deductions of fact are not accepted as true in the pleadings of a pro se - or any - litigant.  See Eidson v. Arenas, 837 F. Supp. 1158 (M.D. Fla. 1993).

## Discussion

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Durruthy v. Pastor, 351 F.3d 1080, 1093 (11th Cir. 2003).  However, "not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers, violates the Fourth Amendment." Saucier v. Katz, 533 U.S. 194, 209, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).  The Supreme Court has held that when analyzing an

excessive force claim where the alleged excessive force was used "in the course of making an arrest, investigatory stop, or other 'seizure' of [a plaintiff's] person" the Fourth Amendment objective reasonableness standard must be applied. Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

The Eleventh Circuit has repeatedly recognized that "the application of de minimis force, without more, will not support a claim for excessive force." Durruthy, 351 F.3d at 1094-95 (finding de minimis force where police officer pulled plaintiff to the ground, pinned his arms behind him, kneed him in the back, and handcuffed him); see Vinyard v. Wilson, 311 F.3d 1340, 1349 (11th Cir. 2002) (finding de minimis force where officer grabbed plaintiff's arm, jerked her out of a chair, handcuffed her behind her back, and later dragged her into the jail by either her shirt, arm or hair); Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000) (finding de minimis force where officer grabbed plaintiff from behind, threw him against a van, kneed him in the back, pushed his head into the side of a van, searched his groin, and handcuffed him); Jones v. City of Dotham, 121 F.3d 1456, 1460 (11th Cir. 1997) (finding "minor" amount of force where officers threw plaintiff against a wall, kicked his legs apart, required him to raise his arms above his head, and pulled a wallet from his pants, causing pain to plaintiff who received minor medical treatment in his arthritic knee after the incident). Further, "what would ordinarily be considered reasonable force does not become excessive force when the force aggravates (however severely) a pre-existing condition the extent of which was unknown at the time [to the officer]." Durruthy, 351 F.3d at 1095 n. 10.

Defendant Neal struck the Plaintiff in the back in an attempt to pass by the Plaintiff and through a doorway to apprehend the Plaintiff's son, who had an outstanding arrest warrant for violent felony offenses.  Defendant Neal, continuing his pursuit, reversed direction, turned in the doorway without looking behind, and again collided with the Plaintiff. After unsuccessfully pursuing the Plaintiff's son, Defendant Neal returned to arrest the Plaintiff for obstructing an officer without violence.  In effectuating a full custodial arrest and placing handcuffs on the Plaintiff, Defendant Neal pulled the Plaintiff's hands behind his back and towards his neck in a way that caused him pain.  Defendant Neal used no further force on the Plaintiff.  While Defendant Neal may have re-injured the Plaintiff's back by striking him during the initial pursuit, that re-injury does not make the force used excessive where, as here, there is no evidence or allegation that Defendant Neal was aware of the Plaintiff's back condition.  The force used in this case was clearly less than that determined to be de minimis in Durruthy, Vinyard, Nolin and Jones.

Accordingly, the Court concludes, viewing the facts in a light most favorable to the Plaintiff's position, that the minimal amount of force and injury present in this case could not support a finding of excessive force in violation of the Fourth Amendment.[1]

Alternatively, the Court finds that Defendant Neal is entitled to qualified immunity. "To receive qualified immunity, the public official needs to show that he was acting within the scope of his discretionary authority at the time the alleged wrongful acts occurred."

---

[1] The Court is reminded of the familiar maxim: de minimis non curat lex.

Durruthy, 351 F.3d at 1087.  Once the public official establishes that he was acting within his discretionary authority, the Court must determine whether the facts, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right and, if so, whether that right was clearly established.  See Saucier, 533 U.S. at 201.  However, "if no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries regarding qualified immunity."  Id.

Here, Defendant Neal clearly exercised his discretionary authority both when he pursued the Plaintiff's son and when he arrested the Plaintiff.  Further, the Plaintiff failed to meet his burden to show that Defendant Neal is not entitled to qualified immunity because, as the Court has already stated, even if the facts are taken in the light most favorable to the Plaintiff, Defendant Neal's conduct did not violate the Plaintiff's constitutional rights.

## Conclusion

Accordingly, upon due consideration, it is ordered that:

(1) Defendant M. Neal's Motion for Summary Judgment (Doc. 43) is GRANTED;

(2) the Clerk is directed to enter judgment in favor of Defendant Neal and against the Plaintiffs with costs to be assessed according to law; and

(3) the Clerk is directed to terminate any pending motions and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 24th day of January, 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
            Courtroom Deputy, Maurya McSheehy